IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEANGELO FERDALE SAVAGE | * | |
|    Plaintiff | * | |
|      v | * | Civil Action No. DKC-18-1555 |
| ELLA MARIE DISHAROON<br>  *Asst. State's Attorney, Wicomico Co.*, | * | |
| SCOTT B. COOK<br>  *Maryland State Police*, | * | |
| S. METZGER<br>  *Dept. Md. State Police*, | * | |
| C. BLADES<br>  *Det. Md. State Police*, | * | |
| CPL. ASHLEY<br>  *Wicomico County Sheriff's Dept.,* | * | |
| MICHAEL J. RICHARDSON<br>  *Wicomico County Public Defender*, and | * | |
| JOHN DOE | * | |
|    Defendants | * | |

***

**MEMORANDUM OPINION**

This civil rights complaint was filed on May 29, 2018, along with a motion to proceed *in forma pauperis*. Plaintiff Deangelo Savage is incarcerated at Jessup Correctional Institution and alleges that the named Defendants deprived him of his constitutional rights in connection with his criminal case. *See State of Maryland v. Savage*, Case No. 22-K-110264 (Wicomico Co. Cir. Ct. 2011) at http://casesearch.courts.state.md.us/inquiry. Savage was convicted on charges of first degree burglary and accessory before the fact; and was sentenced to serve eight years imprisonment. *Id*. The conviction has not been overturned through appellate or post-conviction review. For the following reasons, the complaint will be dismissed and Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) will be granted.

As noted, Savage filed this complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires the dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Defendant Ella Disharoon is the State's Attorney involved in prosecuting Savage. ECF No. 1 at p. 5. Savage claims that she had "knowledge of the defective indictment" and assisted "other defendants cover up major deficiencies of fraudulent documents" which Savage alleges constitutes malicious prosecution. *Id*. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, ___ F.3d ___, 2018 WL 2090902, at *4-5 (4th Cir. May 7, 2018);

2

*Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997). Absolute immunity is designed to protect the judicial process. Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 2018 WL 2090902, at *5 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit recently stated in *Nero*, 2018 WL 2090902, at *5: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431." Thus, Savage's claims against Disharoon are barred and must be dismissed.

Savage also names as a Defendant Michael J. Richardson, the public defender who represented him at trial. ECF No. 1 at p. 7. He asserts that Richardson knew about the "production and manufactured (sic) of fraudulent legal documents, i.e. arrest warrant, defective indictment" and alleges that because Richardson knew the indictment was defective he also knew that Savage was illegally incarcerated because the court had no jurisdiction and thus Richardson participated in the malicious prosecution. *Id*. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Here, Savage does not offer anything in support of his assertion that Richardson conspired with the state officials; he does not explain *how* the indictment is allegedly defective,

nor how the defect deprived the court of jurisdiction over the criminal case against him. This claim is a naked assertion of conspiracy and must be dismissed.

The remaining Defendants are the police officers involved in the investigation of the criminal case against Savage. As noted, Savage's conviction has not been overturned or otherwise invalidated, but there appears to be a pending post-conviction proceeding.[1] *See State of Maryland v. Savage*, Case No. 22-K-110264 (Wicomico Co. Cir. Ct. 2011) at http://casesearch.courts.state.md.us/inquiry. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court ruled:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

The complaint allegations, if allowed to proceed, will go to the validity of the criminal judgment. As in *Heck* itself, the pendency of an appeal or post-conviction proceedings does not change the result. Unlike where criminal trial proceedings are ongoing or imminent, as in *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), a judgment has been entered in this case. Accordingly, the claims against the police officers and "John Doe" will be dismissed without prejudice.

A separate Order follows.

Date:  June 4, 2018                                    /s/
                                             DEBORAH K. CHASANOW
                                             United States District Judge

---

[1] The electronic docket entries do not reflect whether post-conviction relief has been denied.